IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

RICHARD CAFFREY,

                                               OPINION AND ORDER

            Plaintiff,

                                                    17-cv-652-bbc

    v.

NANCY A. BERRYHILL, Acting
Commissioner of Social Security,

           Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

       Plaintiff Richard Caffrey is seeking review of a final decision denying his claim for disability insurance benefits under the Social Security Act. 42 U.S.C. § 405(g). Plaintiff contends that he has been disabled since January 1, 2004 because of numerous impairments, including back, knee, ankle and hand pain, depression and obesity. The administrative law judge concluded that even though plaintiff has several severe and non-severe impairments, he is not disabled because he can perform the full range of light work. As explained below, I am remanding this case because the administrative law judge did not give an adequate explanation for discounting the opinion of plaintiff's treating provider, failed to discuss plaintiff's need for a walking cane and failed to conduct a proper credibility analysis.

       The following facts are drawn from the administrative record (AR).

1

FACTS

A. Social Security Application

Plaintiff Richard Caffrey filed for disability insurance benefits and supplemental security income on August 20, 2013, contending that he was disabled because of a variety of problems, including, but not limited to, his heart, back, knees, ankle and hands. AR 196-205. He was 50 years old at the time of his application. AR 26. After his application was denied initially and on reconsideration, he requested a hearing before an administrative law judge. A video hearing was held before Administrative Law Judge Charles J. Thorbjornsen, on April 29, 2016, AR 34-71, at which plaintiff was represented by counsel. On August 23, 2016, the administrative law judge concluded that plaintiff was not disabled. AR 15-33. In July 2017, the Appeals Council denied plaintiff's request for review, AR 1, making the hearing decision the final decision of the commissioner.

B. Overview of Medical Problems and Treatment

1. Heart

Plaintiff's medical record contains treatment notes for heart problems, starting in 2004. In October 2004, plaintiff was recovering from a myocardial infarction with a subsequent stent. Between 2004 and 2016, plaintiff suffered occasional chest pain and difficulty breathing with exertion. AR 307-17, 378-90, 750-67. Stress tests and other exams between 2005 and 2016 showed no exercise-induced ischemia, but showed a perfusion defect in the inferior and distal aspects of the inferolateral wall and a mildly reduced ejection

2

fraction. AR 297-377, 750-67. Plaintiff also suffered from high blood pressure that was not well-controlled. AR 751. In 2016, he was directed to take a low dose of aspirin for prevention purposes. Id.

2. Back, knee and ankle pain

Plaintiff has suffered low back pain for several years and had back surgery on his lumbar spine in 2004. AR 400. Since then, he has continued to suffer from back pain, with the pain sometimes being insignificant and causing no tenderness, AR 295 (June 2013), and sometimes significant, shooting down his legs and causing numbness in his lower extremities. AR 407-08 (May 2014). In June 2013, plaintiff reported insignificant back pain, but ongoing bilateral knee pain and left ankle pain and swelling. AR 295. At an exam in May 2014, he reported back pain in the lumbar area and numbness and tingling in his legs and feet. AR 406. His strength was measured at 5/5 in both lower extremities and he had a negative straight leg raising test on the right. AR 408. He had a positive response on a straight leg raising test on his left leg at approximately 30 degrees. Id.

In May 2014, plaintiff had magnetic resonance imaging of his lumbar spine that showed a disc protrusion at L5-S1 with foraminal narrowing bilaterally, some lateral recess stenosis at L4-L5 with a mild disc protrusion and facet joint and ligamentum flavum hypertrophy. AR 400. On June 25, 2014, plaintiff was given an epidural steroid injection at L5-S1 at the recommendation of his primary care physician. Id.

3

In October 2014, plaintiff showed poor deep tendon reflex 1 over 4 bilaterally and approximately 30 degrees positive straight let test on the left. AR 408. He also had moderate tenderness with palpation to the left paraspinal muscle groups of lower lumbar region. His doctor noted that plaintiff's gait was a bit stiff from back pain and that plaintiff showed obvious discomfort and difficulty sitting for any short period of time and needed to change positions because of his back pain. AR 411.

Plaintiff continued to complain of back pain and numbness in 2015 and 2016. In March 2015, he was given a prescription for a walking cane after reporting difficulty walking. AR 287-88.

3. Other medical complaints

Plaintiff has also suffered from and received treatment for mental health problems, including depression, anxiety and bipolar disorder. AR 291-96. Additionally, he received treatment for vertigo, plugged ears and hearing loss in December 2015. AR 611, 632-33. He has a history of arthritis in his hands that causes occasional inflammation and weakness. AR 743.

C. Opinion Evidence

The record contains opinions from three state agency physicians, Dr. Philip Walls, Dr. Jose Ruiz, Dr. Mina Khorshidi, and a psychological consultant, Susan Donohoo, PsyD.

The administrative law judge did not discuss or cite any of the opinions with the exception of Dr. Donohoo's opinion regarding plaintiff's mental health. AR 21.

Plaintiff's primary care provider, Dr. Dodson Thompson, D.O., also provided an opinion. He stated that because of plaintiff's diagnoses of osteoarthritis, knee pain and low back pain, plaintiff was limited to occasional fine and gross manipulation bilaterally; standing for 30 minutes at one time and sitting for four hours at one time; lifting 10 pounds occasionally and no pounds frequently; bending, stooping, and climbing stairs occasionally; and never balancing or climbing ladders. AR 743-49.

D. Administrative Hearing

At a hearing conducted via video conference, plaintiff testified that at that time he weighed more than 300 pounds and had difficulty performing personal hygiene tasks such as washing his feet or clipping his toenails. He stated that he could drive, but could not exercise because he got winded and had pain and numbness in both legs that caused him to fall down. AR 45. He stated that he could make his own meals by "tak[ing] his time," but could not grip dishes because of arthritis in his hands. AR 49. He could go outside and sit in a chair to throw a ball for a dog, walk to the mailbox at the end of the driveway and walk around the yard for 10 minutes or so before needing to sit down and rest for awhile. He did not walk around in public because he stumbled and fell. AR 51. He testified that in 2015, he lost feeling his right leg while walking and fell and broke his nose. AR 59. After that fall, his doctor gave him a prescription for a walking cane. Id. Plaintiff lives with his parents and

5

tries to help them when he can, but feels constant pain and his hands and knees. AR 49-50. He also testified that he did not take strong pain medication because he became addicted to pain pills after his back surgery in 2004. AR 50.

In addition to plaintiff, a vocational expert testified, responding to two hypotheticals from the administrative law judge. In the first, the administrative law judge asked the vocational expert to consider a person who is capable of lifting, carrying, pushing and pulling 20 pounds occasionally and 10 pounds frequently and sitting, standing and walking six hours in an eight-hour workday. AR 67. The vocational expert testified that an individual with those limitations would not be able to perform plaintiff's past relevant work, but would be able to perform work in the regional or national economies, including bench assembler, inserting machine operator, small product assembler and shipping checker. Id. Under a second hypothetical, the administrative law judge asked whether the same individual would be able to perform those jobs if he could only lift and carry 10 pounds occasionally and less than 10 pounds frequently; sitting would be limited to six hours in an eight-hour workday, but no more than four hours at a time; walking would be limited to four hours in an eight-hour workday; manipulative limitations would include occasional handling and fingering bilaterally; postural limitations would include occasional climbing of ramps and stairs, with no climbing of ladders, ropes or scaffolds, no balancing and only occasional stopping. AR 69-70. The vocational expert testified that no jobs existed in the national economy with those limitations. Id.

E. Administrative Law Judge's Decision

The administrative law judge found that plaintiff had not engaged in substantial gainful activity since January 1, 2004, the alleged onset date of his disability. AR 20. The administrative law judge then found that plaintiff suffered from several severe impairments that caused him more than minimal limitations of his ability to perform basic work activities: dysfunction of a major joint, degenerative disc disease of the lumbar spine, ischemic heart disease and obesity. AR 20-21. The administrative law judge also found that plaintiff's otitis externa, hypertension, vision issues, acute bronchitis, sebaceous cyst, tinnitus and affective disorder were not severe impairments. Id. The administrative law judge found that none of the impairments, alone or in combination, met or medically equaled the severity of a listed impairment. AR 22.

In crafting the residual functional capacity, the administrative law judge limited plaintiff to the full range of light work. AR 22. The administrative law judge discussed the medical evidence and plaintiff's reported activities. The administrative law judge acknowledged that plaintiff had reported having difficulty with sitting, standing, walking, lifting, squatting, bending, reaching, kneeling, climbing stairs, completing tasks, concentration, using hands and getting along with others. AR 23. He also noted that plaintiff had testified that he had problems writing, difficulty sleeping and holding plates. Id. However, the administrative law judge found it significant that plaintiff could drive, prepare simple meals, perform some household tasks, toss a ball to his dog and follow written and oral instructions. Id. The administrative law judge concluded that "the claimant's

medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record for reasons explained in this decision." AR 25.

The administrative law judge noted in particular that plaintiff's records documented "relatively strong recovery following the development of some heart issues"; "some marginal exertional limitations" resulting from plaintiff's lower extremity joint problems; objective imaging showing "moderate symptoms related to degenerative disc disease issues of the lumbar spine"; and mild medical usage suggesting "relatively moderate pain symptoms." AR 25.

The administrative law judge gave "little weight" to the opinion of plaintiff's treating physician, Dodson Thompson, D.O., on the ground that "the opinion is not generally supported by the weight of the record, which shows only modest changes in the lumbar spine and relatively normal stress tests." AR 26. The administrative law judge gave "some weight" to the statements of plaintiff's wife, finding that her statements were generally consistent with those of plaintiff, but inconsistent with the objective medical evidence and not "disinterested" opinions, in view of her relationship with plaintiff. Id. Finally, the administrative law judge concluded from the vocational expert's testimony that plaintiff was not disabled because work exists in significant numbers in the national economy that plaintiff could perform. AR 27.

OPINION

Plaintiff contends that the administrative law judge erred by (1) improperly discounting the opinion of plaintiff's treating physician; (2) failing to consider plaintiff's use of a cane; (3) failing to conduct a proper credibility analysis; (4) improperly disregarding statements from plaintiff's wife; and (5) failing to consider the effect of plaintiff's obesity.

A. Treating Physician's Opinion and Plaintiff's Need for a Cane

The opinions of treating physicians such as Dr. Thompson are entitled to controlling weight if they are supported by objective medical evidence and are consistent with other substantial evidence in the record. 20 C.F.R. § 404.1527(c)(2); Roddy v. Astrue, 705 F.3d 631, 636 (7th Cir. 2013). Although an administrative law judge is not required to give a treating physician's opinion controlling weight, he must provide a sound explanation for rejecting the opinion. Id. In making his decision, the administrative law judge must build a logical bridge from the evidence to her conclusion. Haynes v. Barnhart, 416 F.3d 621, 626 (7th Cir. 2005). "If an ALJ does not give a treating physician's opinion controlling weight, the regulations require the ALJ to consider the length, nature, and extent of the treatment relationship, frequency of examination, the physician's specialty, the types of tests performed, and the consistency and supportability of the physician's opinion." Moss v. Astrue, 555 F.3d 556, 561 (7th Cir. 2009) (citing 20 C.F.R. § 404.1527)).

In this case, the administrative law judge stated that he was giving "little weight" to the opinion of Dr. Thompson. AR 26. His only explanation was that Dr. Thompson's

9

"opinion is not generally supported by the weight of the record, which shows only modest changes in the lumbar spine and relatively normal stress test results." Id. I agree with plaintiff that this is not a sufficient explanation for discounting Dr. Thompson's opinion. First, the administrative law judge cites no specific medical evidence or opinion to support his conclusion that the evidence showed only "modest changes in the lumbar spine" that would not lead to the pain and limitations given by Dr. Thompson in standing, sitting, bending, stooping and lifting. Rohan v. Chater, 98 F.3d 966, 970-71 (7th Cir. 1996) (administrative law judge may not "play doctor" by substituting his own opinion for that of physician or making judgments not substantiated by objective medical evidence). The administrative law judge also fails to discuss Dr. Thompson's limitations in gross and fine manipulation and does not explain why he gave those opinions little weight.

In addition, after declining to give Dr. Thompson's opinion controlling weight, the administrative law judge did not apply the factors enumerated in 20 C.F.R. § 404.1527(c), including "the length, nature, and extent of the treatment relationship; frequency of examination; the physician's specialty; the types of tests performed; and the consistency and support for the physician's opinion." Larson v. Astrue, 615 F.3d 744, 751 (7th Cir. 2010) (criticizing administrative law judge for saying "nothing regarding this required checklist of factors"). See also Bauer v. Astrue, 532 F.3d 606, 608 (7th Cir. 2008) (stating that when treating physician's opinion is not given controlling weight, "the checklist comes into play"). The administrative law judge's failure to consider these factors and adequately discuss Dr.

Thompson's opinions in relation to other medical evidence in the record require remand of this case.

On a related issue, I also agree with plaintiff that the administrative law judge's failure to discuss plaintiff's need for the cane prescribed by Dr. Thompson provides an additional basis for remand. Plaintiff's medical records show that Dr. Thompson prescribed plaintiff a walking cane in March 2015. Plaintiff testified at the hearing that he was prescribed the cane because his back and leg pain caused him difficulty walking and, on one occasion, he had lost feeling in his right leg while walking, and had fallen and broken his nose. In discussing plaintiff's medical history in his decision, the administrative law judge stated that plaintiff had been prescribed a cane, AR 25, but did not discuss whether plaintiff's need for a cane affected the residual functional capacity analysis.

"Although the ALJ need not discuss every piece of evidence in the record, he must confront the evidence that does not support his conclusion and explain why it was rejected." Indoranto v. Barnhart, 374 F.3d 470, 474 (7th Cir. 2004). See also Thomas v. Colvin, 534 F. App'x 546, 550 (7th Cir. 2013) (remanding because administrative law judge failed to address claimant's need for cane). Here, the administrative law judge mentioned a cane in discussing plaintiff's medical records, but did not explain why he believed plaintiff was capable of performing the full range of light work despite his difficulty walking and use of a walking cane. In light of the fact that using a cane could significantly affect plaintiff's ability to walk, stand, stoop, lift and perform other activities required for light work, the

administrative law judge's failure to address plaintiff's need for a cane when determining the residual functional capacity requires remand.

## B. Credibility Determination

Next, plaintiff contends that the administrative law judge improperly discredited his testimony about his pain and abilities that, if credited, would have led to a finding of disability. Specifically, plaintiff points to his testimony that his back and leg pain limited his ability to walk, bend, squat and stoop and his hand pain limited his ability to lift and grasp.

In assessing a claimant's assertions of pain, the administrative law judge must consider several factors, including: the claimant's daily activities; the location, duration, frequency, and intensity of the symptoms; and the type, dosage, effectiveness, and side effects of any medication the claimant takes. 20 C.F.R. § 404.1529(c)(3); SSR 96-7p; SSR 16-3p. The administrative law judge must then give "specific reasons for the finding that are supported by substantial evidence." Moss v. Astrue, 555 F.3d 556, 561 (7th Cir. 2009). The administrative law judge need not discuss every piece of evidence, but "must build a logical bridge from evidence to conclusion." Villano v. Astrue, 556 F.3d 558, 56th Cir. 2009).

In this instance, the administrative law judge stated that "the claimant's medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, the claimant's statements concerning the intensity, persistence and limiting effects

of these symptoms are not entirely consistent with the medical evidence and other evidence in the record for reasons explained in this decision." AR 25. The administrative law judge went on to state that plaintiff's records documented "relatively strong recovery following the development of some heart issues"; "some marginal exertional limitations" resulting from plaintiff's lower extremity joint issues; objective imaging showing "moderate symptoms related to degenerative disc disease issues of the lumbar spine"; and mild medical usage suggesting "relatively moderate pain symptoms." Id.

I agree with plaintiff that the administrative law judge's credibility determination is inadequate. Although the administrative law judge identified and discussed his own view of the medical evidence, he did not cite any specific medical evidence or opinion to support his view and failed to provide an adequate connection between the evidence and his conclusion that the record was inconsistent with plaintiff's testimony. For example, the administrative law judge did not specifically address plaintiff's own description of his limited daily activities, let alone explain specifically why plaintiff's testimony about his activities and pain is inconsistent with the medical record, which shows a long history of plaintiff's seeking treatment for back and leg pain and numbness. The administrative law judge also failed to discuss plaintiff's explanation for declining narcotic pain medication (former drug addiction). Thus, this court is "left to ponder what exactly are these 'inconsistencies'" between plaintiff's testimony and the medical evidence." Zurawski v. Halter, 245 F.3d 881, 887 (7th Cir. 2001). See also Akin v. Berryhill, 887 F.3d 314, 318 (7th Cir. 2018) (administrative law

13

judge must consider reasons for claimant's lack of certain treatment before drawing negative inferences about claimant's symptoms).

For these reasons, I conclude that the case must be remanded so that administrative law judge can conduct a more thorough credibility determination.

C. <u>Statement of Plaintiff's Wife</u>

Plaintiff also argues that the administrative law judge erred in failing to give more weight to the statement of his wife, Kimberly Caffrey. In particular, the administrative law judge summarized Ms. Caffrey's statements and concluded that although they were similar to plaintiff's own, her description of plaintiff's abilities was unsupported by the objective medical evidence and likely biased, because she was not a disinterested person. The administrative law judge did not state why in particular her statements were inconsistent with objective medical evidence.

A review of Ms. Caffrey's statements show that they are largely redundant of plaintiff's own testimony. Thus, if the administrative law judge had adequately explained why he was discounting plaintiff's testimony by citing to specific, objective medical evidence, there would have little reason to address Ms. Caffrey's statements in detail as well. However, because the administrative law judge failed to conduct a proper credibility analysis with respect to plaintiff's testimony, his discounting of Ms. Caffrey's statement is also unsupported. Therefore, on remand, the administrative law judge should take care to explain specifically what weight he is giving to Ms. Caffrey's statement and why.

D. <u>Obesity</u>

Finally, plaintiff contends that the administrative law judge failed to consider the impact of plaintiff's obesity on his ability to work, and in particular, whether his obesity affected his ability to perform the full range of light work for an eight-hour workday. However, plaintiff does not point to any specific evidence in the medical record or the hearing testimony suggesting that his obesity limited his ability to work beyond what the administrative law judge found. <u>Prochaska v. Barnhart</u>, 454 F.3d 731, 737 (7th Cir. 2006) (rejecting argument about obesity because claimant failed to "specify how [her] obesity further impaired [her] ability to work, and because the record relied upon by the ALJ sufficiently analyzes her obesity."); <u>Richards v. Astrue</u>, 370 Fed. Appx. 727, 733 (7th Cir. 2010) (finding argument regarding obesity not convincing where claimant had recited "some of the possible ways obesity may affect other impairments," but did "not contend that any of those examples appl[ied] to her or identif[ied] any actual effect of her obesity").

On the other hand, plaintiff is correct that in saying that the administrative law judge did not specifically address whether plaintiff's obesity would affect his ability to perform light work. Thus, regardless whether this would be an independent reason to remand this case, the administrative law judge may wish to explain whether plaintiff's obesity would affect his ability to perform full-time work.

ORDER

IT IS ORDERED that the decision denying benefits to plaintiff Richard Caffrey is REVERSED and this case is REMANDED to defendant Acting Commissioner of Social Security Nancy A. Berryhill for further proceedings consistent with this opinion.

Entered this 3d day of May, 2018.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge